Ransford WEDDERBURN,
Plaintiff–Appellant,

v.

CITY OF NEW YORK, City of New York Police Department, and David Colleti, Police Officer, Shield No. 12777, Defendants–Appellees.

No. 01–9098.

United States Court of Appeals,
Second Circuit.

Nov. 4, 2002.

K.C. Okoli, New York, N.Y. for Appellant.

Ellen B. Fishman, New York, N.Y. (Michael A. Cardozo, Corporation Counsel for the City of New York, and Leonard Koerner, on the brief), for Appellee, of counsel.

PRESENT: Hon JACOBS, Hon. POOLER, Circuit Judges, and Hon. BAER, * District Judge.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 4ᵗʰ day of November, two thousand two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-appellant Ransford Wedderburn sued New York City Police Officer David Colleti in the United States District Court for the Southern District of New York (Buchwald, J.) under 42 U.S.C. § 1983 and state law for false arrest, unlawful imprisonment, and defamation of character. Wedderburn alleged that Colleti falsely arrested him on charges of public lewdness, N.Y. Penal L. § 245.00.

The jury was given a special verdict form to which the parties did not object. Question one asked whether "defendants [have] proven by a preponderance of the evidence that there was probable cause to believe that plaintiff committed the offense for which he was arrested"; question two asked whether the "plaintiff has proven by a preponderance of the evidence that, under color of state law, defendant Colleti either intentionally or recklessly deprived plaintiff of a federal right...." G.A. at 348–49. After the jury advised that it was having trouble answering question one, counsel agreed that the jury could skip it, and return a verdict as to question two.

---

* The Honorable Harold Baer, Jr., District Judge of the United States District Court for the Southern District of New York, sitting by designation.

The jury subsequently answered "no" to question two, and the court entered judgment for Colleti.

On appeal, Wedderburn argues that the inability of the jury to answer question one means that the answer given to question two is "inconsistent." We disagree. It cannot be said that a single response amounts to an "inconsistent" verdict. Moreover, counsel waived any answer as to the first question by agreeing to allow the jury to skip that question and answer question two. Absent that waiver, the trial court could have taken other measures that were obviated by counsel's agreement to forgo an answer. To the extent that the questions as framed could tolerate an inconsistency, the argument was waived when counsel consented to the form of the questionnaire. See Fed. R. Civ. Proc. 51 ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.").

Further, even if the jury had found that there was no probable cause for the arrest (answering no to question one), this finding would not necessarily conflict with a verdict in favor of Colleti: the jury could have found (in answering no to question two) that Colleti did not deprive plaintiff of a federal right intentionally or recklessly. See Dodd v. City of Norwich, 827 F.2d 1, 3 (2d Cir.1987) ("[T]o establish a violation of the due process clause [giving rise to § 1983 liability,] a plaintiff must prove that defendant 'deprived' him of life, liberty or property, a concept clearly satisfied by intentional conduct, but clearly not satisfied by conduct that is merely negligent.").

Plaintiff's final line of attack is that the district court should have decided the issue of qualified immunity itself, and should not have submitted it to the jury. Since Colleti was not compelled to rely on qualified immunity, we need not rule on this argument. There is no sign that the jury was confused by the court's charge; qualified immunity was the subject of question three on the jury questionnaire, which was never reached. See Spano v. N.V. Koninklijke Rotterdamsche Lloyd, 472 F.2d 33, 35 (2d Cir.1973).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.